No. 487
### VANGEROVSKY v. ZETER
Ohio Appeals, 1st Dist., Hamilton Co.
No. 2548. Decided Feb. 9, 1925.

951. PRINCIPAL AND AGENT—Undisclosed principal cannot maintain action against third party, when relation between agent and third party involves question of confidence or trust.

2. As between purchaser and agent, trust or confidence arises when general warranty is made, said warranty being of a personal nature.

HAMILTON, J.

Rosalie Vangerovsky brought an action for damages for the alleged breach of a written contract for purchase of real estate, against William Zeter in the Hamilton Common Pleas. Zeter, in his answer, averred that he signed a contract for the purchase of the property from the Van Realty Co., and placed the contract in the hands of one, Walters, a broker, who returned a duplicate signed by Rosalie Vangerovsky. Zeter alleged that he immediately disaffirmed and repudiated the contract and stopped payment on a check given to Walters to use as down payment, and which was made payable to the Realty Co. At the close of Vangerovsky's evidence, Zeter made a motion for a directed verdict which was granted, and judgment was rendered in his favor.

Vangerovsky prosecuted error and contended that the Realty Co. was her duly appointed and authorized agent, and that Zeter knew the Company was her agent when the contract was signed, that he knew she was the legal owner of the property at the time contract to purchase was executed.

Two questions raised are: 1. Was Vangerovsky an undisclosed principal? 2. Under the contract can she maintain her action for damages? The Court of Appeals held:

1. Testimony by a member of the Company to the effect that he told Walters, when negotiations were on, that Vangerovsky owned the property and he testified later that this information was given Walters when the contract was signed, tends to show that Walters was agent of Zeter, and that he knew Vangerovsky was the owner.

2. Contracts of guaranty or indemnity or question of personal confidence or trust, are exceptions to the rule that an undisclosed principal may maintain an action on a contract entered into in his behalf by an agent.

3. The guarantee of title in the contract certainly involved a question of trust and confidence. It may be that defendant willing to accept a general warranty from the Realty Company but not from Vangerovsky. It is a warranty of personal nature and Zeter had the right to choose from whom he would be willing to accept the warranty.

4. Zeter had a right to rescind the contract, this being one of the exceptions to the general rule that an undisclosed principal can sue on contract entered into by the agent. Judgment of lower affirmed.

Attorneys—H. P. Karch for Vangerovsky; Hoffmeister and Attig for Zeter; all of Cincinnati.